[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff brings this action in two counts. The first count alleges that the plaintiff sustained personal injuries, and property damages to her vehicle, when the vehicle struck a pothole in the public highway. It is claimed that the pothole was erected by the defendant as part of the defendant's renovation of CT Page 7085 the highway.
The second count incorporates the liability allegations of the first count and then alleges a breach of CUTPA, General Statutes § 42-110a, et seq. In essence the plaintiff claims that the defendant handles their own claims through their own employee, one Brian Festa. The plaintiff claims that although it has fully complied with the furnishing of information requested by Brian Festa, yet the defendant and their claims employee Brian Festa has, in essence, simply ignored the plaintiff and her claim.
The plaintiff also alleges that the defendant has failed to inform their insurance carrier of the claim, as is required under the terms of both their insurance contract and the bid requirements of the State of Connecticut Department of Transportation.
Finally, the plaintiff alleges that it has been the general business practice of the defendant in similar circumstances to take information from claimants, inform the claimants that they are processing the claim, and to then not respond further, hoping that the applicable statute of limitations will expire before the plaintiff brings suit.
 I.
Defendant claims that this claims activity is outside of their "trade or business" as the defendant "is a construction company and is not engaged in the business of settling claims."
There can be no question but that persons engaged in most businesses, and particularly those in the construction trades, are exposed on a frequent basis for claims of personal injury or property damage caused by their activity. Although most businesses chose to delegate the function of dealing with claims to insurance companies, generally there is no requirement that a contractor is insured. The complaint alleges that the State of Connecticut requires that the contractor have insurance. However, the fact of an insurance policy does not automatically mean that the insured delegate each and every claim function to the insurer.
Reading the complaint in its light most favorable to the plaintiff, it would appear that the defendant has retained to CT Page 7086 itself significant aspects of the claims procedure, including the decision to pay, ignore or reject claims.
Hence the court determines that the processing of and decision making, according to the complaint, is part and parcel of the defendant's trade or business, and hence places the defendants in a business relationship with the claimants.
This court cannot see why, under these circumstances, those criteria applicable to insurance companies, in settling claims under General Statutes § 38a-816 (5), CUIPA would not be applicable to those claims under CUTPA. Therefore, even if more than a single act of ignoring a claim need be shown, as a general business practice, the plaintiff has alleged that this activity has been a general business practice of the defendant, if ultimately the court should determine that more than a single incident must be shown to support a CUTPA claim.
A practice can violate CUTPA if it is "immoral, unethical, oppressive, or unscrupulous, . . . all three criteria do not need to be satisfied to support a finding of unfairness." Jacobsv. Healy Ford-Subaru, Inc., 231 Conn. 707, 725 (1995).
As aforesaid, it is alleged in the complaint, in essence, that the defendant just ignores complaints, and/or induces I information without response, hoping that they will be extinguished by the Statute of Limitations. At the very least that raises a question of fact as to whether such conduct is "immoral, unethical, oppressive, or unscrupulous."
 II.
The plaintiff must demonstrate that the alleged conduct of the defendant "causes substantial injury to consumers . . ."Jacobs v. Healy Ford Subaru, Inc., supra, p. 725.
The plaintiff has alleged that it is entitled to compensation for personal injury, medical expense, damage to personal property and pain and suffering. It is a question of fact as to whether the plaintiff has been harmed by virtue of delays in her having the claim investigated, because of moving of witness and the like, which investigation is usual in the event of rejected claims. Hence the court cannot conclude that no substantial injury to the plaintiff has occurred because of the defendant's alleged conduct. CT Page 7087
 III.
The motion to strike the second count of the complaint is denied.
L. Paul Sullivan, J.